UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| JOSHUA SNYDER,<br><br>        Plaintiff,<br><br>        v.<br><br>COUNTY OF RIVERSIDE et al.<br><br>        Defendants. | No. ED CV 15-1859-VAP (DFM)<br><br>ORDER OVERRULING PLAINTIFF'S OBJECTIONS AND EXTENDING DEADLINE TO FILE SAC |

    On March 21, 2018, the Court granted the motion to dismiss filed by Defendants County of Riverside, Sheriff Stan Sniff, and Undersheriff William Di Yorio ("Defendants'") and ordered that Plaintiff Joshua Snyder's First Amended Complaint be dismissed with leave to amend. See Dkt. 98 ("Order"). Plaintiff was given until April 20, 2018 to file a Second Amended Complaint ("SAC"). Id. at 9. The Court subsequently granted Plaintiff an extension to file objections to the Order. See Dkt. 100, 102. Plaintiff constructively filed objections to the Order on April 18, 2018. See Dkt. 103. For the reasons set forth below, Plaintiff's objections are OVERRULED.

///

In his objections, Plaintiff states that he named "certain individuals in their individual and official capacity to retain them as witnesses." Id. at 4. Plaintiff does not need to name individual defendants in their official capacity in order to call them as witnesses in his case.

Plaintiff also argues that the motion to dismiss should have been "stricken and/or turned into a motion for summary judgment," because the motion to dismiss referenced the original complaint and the Magistrate Judge's order dismissing the original complaint. See id. at 5-6. "[A]s a general rule, a district court may not consider materials not originally included in the pleadings in deciding a Rule 12 motion." U.S. v. 14.02 Acres of Land More or Less, 547 F.3d 943, 955 (9th Cir. 2008). "When ruling on a Rule 12(b)(6) motion to dismiss, if a district court considers evidence outside the pleadings, it must normally convert the 12(b)(6) motion into a Rule 56 motion for summary judgment, and it must give the nonmoving party an opportunity to respond." U.S. v. Ritchie, 342 F.3d 903, 907 (9th Cir. 2003) (citations omitted). One exception to this rule is the doctrine of judicial notice. Under Fed. R. Evid. 201, a court may "'take judicial notice of matters of public record' and consider them without converting a Rule 12 motion into one for summary judgment." 14.02 Acres of Land, 547 F.3d at 955 (citation omitted). Here, the contents of the original complaint and the Magistrate Judge's order dismissing that complaint were part of the public record and subject to judicial notice.

Plaintiff also notes that the Magistrate Judge's order dismissing the FAC was similar to the prior order dismissing Plaintiff's initial complaint. See Dkt. 103 at 6; compare Dkt. 67 (order dismissing initial complaint) with 98 (order dismissing FAC). The FAC did not rectify certain deficiencies identified in the order dismissing the initial complaint; thus, parts of the order dismissing the FAC were substantially similar to the order dismissing the initial complaint.

///

Last, Plaintiff challenges the Order's reliance on an exhibit attached to Plaintiff's initial complaint, an exhibit that was not attached to the FAC. See Dkt. 103 at 7. The exhibit included medical forms undermining Plaintiff's argument that his medical concerns were ignored. See Dkt. 67 at 3-4 (citing exhibit in dismissing initial complaint); see also Order at 3-4 (same in dismissing FAC). In evaluating a Rule 12(b)(6) motion, review is ordinarily limited to the contents of the complaint and material properly submitted with the complaint. Van Buskirk v. Cable News Network, Inc., 284 F.3d 977, 980 (9th Cir. 2002); Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). An amended complaint supersedes a prior complaint. Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012). Nonetheless, a court properly considers exhibits attached to a prior version of the complaint which were admitted in the prior version to be authentic. See Cole v. Sunnyvale, 2010 WL 532428 (N.D. Cal. 2010) (considering exhibit attached to prior version of complaint but not operative complaint in deciding motion to dismiss); see also Knievel v. ESPN, 393 F.3d 1068, 1076-77 (9th Cir. 2005) (noting that "incorporation by reference" doctrine permits court to take into account documents where contents are central to plaintiff's claims and no party disputes authenticity, even if documents are not physically attached to plaintiff's pleading). Plaintiff does not and has not contested the authenticity of the documents attached to the initial complaint; indeed, he admitted their authenticity previously. See, e.g., Dkt. 1-1 at 4 (where Plaintiff described exhibit as containing "medical notes that support complaint").

///
///
///
///
///

Plaintiff also requests an extension of time to file his SAC. <u>See</u> Dkt. 103 at 8. The Court has already granted a similar request and extended Plaintiff's deadline for filing the SAC to May 31, 2018. <u>See</u> Dkt. 102.

Dated: May 08, 2018

                                                                HON. VIRGINIA A. PHILLIPS
Chief United States District Judge