UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| JOSHUA SNYDER,<br><br>Plaintiff,<br><br>v.<br><br>RIVERSIDE COUNTY et al.,<br><br>Defendants. | No. ED CV 15-01859-VAP (DFM)<br><br>Report and Recommendation of United States Magistrate Judge |

This Report and Recommendation is submitted to the Honorable Virginia A. Phillips, Chief United States District Judge, under 28 U.S.C. § 636 and General Order 05-07 of the United States District Court for the Central District of California.

## I. BACKGROUND

Plaintiff Joshua Snyder, proceeding pro se, filed the operative Third Amended Complaint ("TAC") on June 26, 2019. See Dkt. 132. On July 9, 2019 the remaining Defendants filed an Application to Strike as Untimely and Motion to Dismiss the TAC. See Dkts. 134-35. The Court instructed Plaintiff to file any oppositions to the motions by August 19 and warned him that failure to do so could be deemed as consent to the motions under Civil Local Rule 7-12. See Dkt. 137.

Plaintiff asked for and received several extensions of time, the last of which set an opposition deadline of December 9, 2019. See Dkt. 144. The Court explicitly warned Plaintiff that failure to timely file an opposition or seek an extension would result in the Court recommending that the case be dismissed for failure to prosecute. See id. Plaintiff did not file an opposition by the deadline nor seek an extension of time in which to do so.

## II. DISCUSSION

Local Rule 7-12 provides that "[t]he failure to file any required paper, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion." As noted, Plaintiff failed to oppose the Defendants' application to strike and motion to dismiss by the deadline. Accordingly, pursuant to Local Rule 7-12, the Court finds good cause for granting the Defendants' unopposed motions. See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam) (affirming grant of an unopposed motion to dismiss under local rule by deeming a pro se litigant's failure to oppose as consent to granting the motion); Holt v. I.R.S., 231 F. App'x 557, 557 (9th Cir. 2007) (same; and rejecting pro se plaintiff's contention that the district court should have warned her of the consequences of failing to file an opposition); Cortez v. Hubbard, No. 07-4556, 2008 WL 2156733, at *1 (C.D. Cal. May 18, 2008) ("Petitioner has not filed an [o]pposition to the [m]otion and has not requested any further extension of time to do so. Pursuant to Local Rule 7-12, his failure to do so could be deemed to be consent to a grant of the [m]otion."). Even though the court must liberally construe pleadings filed by pro se parties, "pro se litigants are bound by the rules of procedure." Ghazali, 46 F.3d at 54.

In accordance with Ghazali, the Court has considered the following five factors in deciding to grant the unopposed motion to dismiss: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy

favoring disposition of cases of their merits; and (5) the availability of less drastic sanctions."

Here, the first and second factor favor dismissal. See Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999) ("[T]he public's interest in expeditious resolution of litigation always favors dismissal."). Plaintiff has failed to file an opposition to the motions or move for an extension. Plaintiff's conduct hinders the Court's ability to move this case toward disposition and indicates that he does not intend to litigate this action diligently.

The third factor weighs in favor of dismissal. A rebuttable presumption of prejudice to the defendant arises when there is a failure to prosecute diligently. See In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994). That presumption may be rebutted where a plaintiff proffers an excuse for delay. Plaintiff has failed to come forward with any excuse or reason for delay despite being invited to do so.

The fourth factor generally weighs against dismissal; however, it assumes that a litigant has complied with the statutory obligations imposed under Rule 11(b) and has manifested a diligent desire to prosecute his or her claims. Where, as here, the prisoner-plaintiff has neither filed a timely opposition to the defendants' motions nor applied for a seasonable extension of time to file a timely opposition, the fourth factor favors dismissal.

Finally, the fifth factor weighs in favor of dismissal where, as here, the Court repeatedly and explicitly warned Plaintiff of the need to file a timely opposition or move for an extension, lest this action be dismissed for failure to prosecute. See Ferdik v. Bonzelet, 963 F.2d 1258, 1263 (9th Cir. 1992) ("[A] district court's warning to a party that his or her failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement.").

Taking all the factors into account, the Court finds that dismissal of this action with prejudice is warranted.

### III. RECOMMENDATION

IT IS THEREFORE RECOMMENDED that the District Judge issue an Order: (1) accepting this Report and Recommendation; (2) granting Defendants' unopposed Motion to Dismiss; (3) dismissing this action with prejudice; and (4) directing that Judgment be entered accordingly.

Date: January 07, 2020

/s/
DOUGLAS F. McCORMICK
United States Magistrate Judge